CHRISTOPHER CHIOU
Attorney for the United States
Nevada Bar Number 14853
Acting Under the Authority Conferred by
Title 28, United States Code, Section 515
DANIEL R. SCHIESS
Assistant United States Attorney
Nevada Bar Number 5483
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6281 / Fax: 702.388.6418

*Attorneys for the United States*

X FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

April 28, 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ ASB DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> **Plaintiff,** <br><br> v. <br><br> **CARLOS ALBERTO MACIAS SARABIA,** <br><br> **Defendant.** | 2:21-cr-00075-GMN-BNW <br><br> **GOVERNMENT'S MEMORADUM REGARDING DEFENDANT'S GUILTY PLEA** <br><br> **Violation: Voting by Alien (18 U.S.C. § 611(a))** |

The United States submits this memorandum regarding defendant Carlos Alberto Macias Sarabia's guilty plea to a criminal information charging him with one count of violating 18 U.S.C. § 611 – Voting by Alien. Defendant will be pleading guilty without a plea agreement. Defendant is represented by Amanda S. Pellizzari, Esq. (Amanda Gregory).

## I.    ELEMENTS OF THE OFFENSE

The elements for the violation of 18 U.S.C. § 611, Voting by Alien, are the following:

**First**, defendant was an alien at the time alleged in the criminal information;

**Second**, defendant voted in an election when a federal candidate was on the ballot; and

**Third**, defendant knew that he was an alien, and thus not a U.S. citizen, when he performed the act of voting.

### IV. CONSEQUENCES OF CONVICTION

1. **Maximum Statutory Penalties:** The statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 611 is one year imprisonment; a one-year term of supervised release; a fine of $ 100,000; and a mandatory special assessment of $25.

2. **Parole Abolished**: Defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

3. **Supervised Release**: The term "supervised release" means a period of time following imprisonment during which a defendant will be subject to various restrictions and requirements. If a defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **Factors under 18 U.S.C. § 3553**: The district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining a defendant's sentence.

5. **Potential Collateral Consequences of Conviction**: By pleading guilty in this case, defendant may also be subject to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and

2

suspension or revocation of a professional license. These unanticipated collateral consequences may not serve as grounds to withdraw defendant's guilty plea.

6.      **Potential Removal/Deportation Consequences of Conviction**: If the defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the misdemeanor conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

### III. FACTUAL BASIS

If the defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. A summary of some facts that the government would rely on to establish defendant's guilt beyond a reasonable doubt are set forth below.

On October 24, 2016, Macias voted in person in the 2016 general election in Nevada, held in part for the purpose of electing a candidate for the office of President and Vice President of the United States. At the time, Macias was a legal permanent resident and not a citizen of the United States, and he knew that he was a legal permanent resident and not a citizen of the United States.

On October 24, 2016, when Macias voted, the polling site where he voted displayed the following language: *"FEDERAL AND STATE LAWS PROHIBIT ACTS OF FRAUD AND MISREPRESENTATION, INCLUDING: 1. Making false statements or claims of United States*

3

*Citizenship to register or vote in any Federal, State, or local election. 42 U.S.C. 15544(b)/ 18 U.S.C. 611, 911, 1015(f) and NRS 293.5045, 293.517, 293.770, 293.800."*

On January 31, 2017, Macias posted to his Facebook site his thoughts about an international trip that he had planned to take, and in that post he stated: I'm a legal permanent resident with my residency due for renewal at the end of 3/17. About two months later, Macias requested a new Legal Permanent Residency card.

## IV. SENTENCING FACTORS

1.    **Discretionary Nature of Sentencing Guidelines**: In determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The sentencing guidelines are advisory only. After considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum sentence set by statute for the crime of conviction.

2.    **Offense Level Calculations**: The United States anticipates that defendant's advisory guidelines sentencing range should be the following if the Court uses the following base offense level and adjustments:

| | |
|---|---|
| Base Offense Level [USSG § 2H2.1]: | 6 |
| Acceptance of Responsibility [USSG § 3E1.1(a)] | -2 |
| Adjusted Offense Level: | 4 |

3.    **Criminal History Category**. The district court may base defendant's sentence in part on defendant's criminal record or criminal history. Information about defendant's criminal history category under the sentencing guidelines will be provided at the time of sentencing.

4

4. **Additional Sentencing Information**: The sentencing guidelines calculations are based on information now known to the United States Attorney's Office. The USAO is free to (a) supplement the facts in this memorandum by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. Also, the USAO may submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts stated in this memorandum.

## V. WAIVER OF CONSTITUTIONAL RIGHTS

1. By pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty;

   b. The right to a speedy and public trial by jury;

   c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

   d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against defendant;

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.      The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## VI. PROMISES

The United States has made no promises to and has no understanding or agreements with defendant.

DATED:  this 1st day of March, 2021.


CHRISTOPHER CHIOU
Attorney for the United States


/s/ Daniel R. Schiess
_____
DANIEL R. SCHIESS
Assistant United States Attorney

6